Avinash **RANGRA**; Anna **Monclova,**
Plaintiffs–Appellants,

v.

Frank D. **BROWN,** District Attorney;
Greg Abbott, Texas Attorney General, Defendants–Appellees.

No. 06–51587.

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 2009.

Arvel Rodolphus Ponton, III, Law Office of Rod Ponton, Alpine, TX, Dick W. De-

Guerin, DeGuerin & Dickson, Houston, TX, for Plaintiffs–Appellants.

John Steven Houston, Alpine, TX, for Brown.

James C. Ho, Sean Jordan, James C. Todd, Asst. Atty. Gen., Austin, TX, for Abbott.

Scott N. Houston, Austin, TX, for Texas Municipal League, Texas Attorneys' Ass'n, Amici Curiae, and The Illinois Muicipal League, The South Dakota Municipal League, The Nat. League of Cities and the Intern. Municipal Lawyers Ass'n.

Kyle Duncan, Baton Rouge, LA, for Amici Curiae: States of LA, AL, AZ, FL, IN, MI, MT, CO, ID, IL, MS, NE, NM, OH, ND, VA, SD, HI, TN and State of OK.

Lucy A. Dalglish, Arlington, VA, for Amici Curiae: Reporters Committee For Freedom of the Press, Associated Press, Student Press Law Ctr., Ass'n of Alternative Newsweeklies, Society of Professional Journalists and others.

Before JONES, Chief Judge, and KING, JOLLY, DAVIS, SMITH, WIENER, BARKSDALE, GARZA, BENAVIDES, STEWART, DENNIS*, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK and HAYNES, Circuit Judges.

BY THE COURT:

IT IS ORDERED that this case is DISMISSED for mootness.

* DENNIS, Circuit Judge dissents.

DENNIS, Circuit Judge, dissenting:

I emphatically dissent from the majority's decision to declare this case moot because it is incorrect, injudicious, and result-oriented.

### *Background*

Rangra served three consecutive two-year terms (6 years) as Alpine city council member until he was term limited (for one two-year term) at the end of his term on May 19, 2009. During his second term, in February 2005, Rangra was accused of exchanging emails among a quorum of council members to schedule a council meeting. Rangra was indicted for a violation of the Texas Open Meetings Act ("TOMA"), but that charge was later nolle prossed or dismissed without prejudice. The district attorney warned or threatened to bring new charges if his communications were perceived as violating TOMA again. In September 2005, Rangra and another city council member brought this § 1983 action for declaratory and injunctive relief, challenging the criminal provisions of TOMA, under which they had been prosecuted, as content-based speech regulations. The district court held that elected city council members are entitled to no more First Amendment protection of their speech pursuant to their official duties than are unelected public employees. On appeal, the panel held (1) that elected officials are entitled to full First Amendment protection of their speech pursuant to their official duties; (2) that the TOMA provisions at issue are content-based restrictions on speech which must be subjected to strict scrutiny. Thus, the panel reversed the district court judgment and remanded the case for further proceedings. An en banc rehearing was granted and scheduled for oral argument on September 24, 2009. Recently, when

this court was notified of Rangra's leaving office on May 19, 2009, it raised the issue of mootness sua sponte, and now dismisses the case as moot.

### The Panel Correctly Decided That Plaintiff Has Standing And That The Case Is Not Moot Because He Is Still Threatened By Prosecution.

The panel rejected the defendants' objection based on alleged lack of standing and mootness. *See Rangra v. Brown*, 566 F.3d 515, 519–20 (5th Cir.2009). Because the plaintiff has once been indicted and prosecuted for an alleged violation of the Texas Open Meetings Act and could be so prosecuted again, the plaintiff has standing to challenge the statute and the case is not moot. The panel's reasons were as follows:

It is well established that a credible threat of present or future criminal prosecution will confer standing. *See, e.g., Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–93, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988) (holding that the injury-in-fact requirement was met, in part, because "plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them"); *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) ("[I]t is not necessary that [a party] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."); *Doe v. Bolton*, 410 U.S. 179, 188–89, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). This is because a credible threat of present or future prosecution is an injury sufficient to confer standing, even if there is no history of past enforcement, *see Bolton*, 410 U.S. at 188, 93 S.Ct. 739, 35 L.Ed.2d 201, and a speaker who fears prosecution may engage in self-censorship, which is itself another injury, *see Am. Booksellers*, 484 U.S. at 392,

108 S.Ct. 636, 98 L.Ed.2d 782 ("[T]he alleged danger of [the challenged] statute is, in large measure, one of self-censorship."); *see also Ashcroft v. ACLU*, 542 U.S. 656, 670–71, 124 S.Ct. 2783, 159 L.Ed.2d 690 (2004) ("Where a prosecution is a likely possibility ... speakers may self-censor rather than risk the perils of trial. There is a potential for extraordinary harm and a serious chill upon protected speech.").

*See also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ("[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction."); *Ellis v. Dyson*, 421 U.S. 426, 432, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975) ("[F]ederal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied.").

For the same reasons, because the plaintiff is still exposed to prosecution under the statute, the panel held that the plaintiff's standing still exists and the case is not moot. *See Rangra*, 566 F.3d at 520; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (a case is not moot where " '[t]he requisite personal interest that must exist at the commencement of the litigation [to give rise to standing] continue[s] throughout its existence.' "(quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct.

1202, 63 L.Ed.2d 479 (1980))); *see also Steffel*, 415 U.S. at 459, 94 S.Ct. at 1215–16 (holding that "alleged threats cannot be characterized as 'imaginary or speculative'" where petitioner was warned that continued exercise of his constitutional rights would result in prosecution and petitioner's companion was prosecuted for engaging in the same conduct (quoting *Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971); *Poe v. Ullman*, 367 U.S. 497, 508, 81 S.Ct. 1752, 1758–1759, 6 L.Ed.2d 989 (1961))).

*The Precipitous Action By The En Banc Court To Declare Mootness Prior To Full Briefing And Oral Argument Is Incorrect, Injudicious And Result Oriented.*

The plaintiff, Rangra, left office at the end of his term on May 19, 2009 because he had served the maximum (three) consecutive two-year terms allowed without a break. *See* HOME RULE CHARTER OF THE CITY OF ALPINE § 3.01(E). However, this did not defeat his standing to challenge TOMA, to protect himself from alleged unlawful prosecution to which he is still exposed. Thus, the controversy created by his initial prosecution under the Act and this suit by him to protect himself from the threat of future prosecution by challenging the constitutionality of the Act is live, extant and not moot. The statute of limitations for a violation under the Act is two years from the date of the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2009). Thus, the statute of limitations will not run completely on the threat of prosecution to Rangra until May 19, 2011. So long as the threat of prosecution exists and Rangra maintains his constitutional challenge he is entitled to seek protection under the First Amendment in the federal courts. *See, e.g., Am. Booksellers Ass'n*, 484 U.S. at 392–93, 108 S.Ct. at 642–43; *Steffel*, 415

U.S. at 459, 94 S.Ct. at 1215–16; *Bolton*, 410 U.S. at 188–89, 93 S.Ct. at 745–46; *Ashcroft*, 542 U.S. at 670–71, 124 S.Ct. at 2794. More generally, so long as the federal court's decision is likely to have some effect in the future, the case should not be dismissed even though the plaintiff's primary injury has passed. In *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), "[d]uring a labor strike, the employers whose plants were struck filed a lawsuit challenging a state law that permitted strikers to receive public assistance through state welfare programs. Although the strike ended before the completion of the federal court litigation, the Court held that the case was not moot because a federal court decision could substantially affect future labor-management negotiations." Erwin Chemerinsky, Federal Jurisdiction § 2.5, at 131 (4th ed.2003). The Court also reasoned that the case presented a wrong capable of repetition yet evading review. Thus, any continuing injury means that there is a live controversy. *Super Tire*, 416 U.S. at 121–26, 94 S.Ct. 1694. Here, Rangra continues to live under the threat of prosecution and under the damage that was done to him by his prior indictment and prosecution by the state government.

The only reason that has been advanced for dismissing this case prior to the date upon which it had been set for en banc rehearing and oral argument, is that it would overtax the judges of this court to prepare for oral argument on both the mootness question and the merits of the appeal. This is not a valid reason. We have often been confronted with standing and mootness challenges just prior to en banc oral argument. To my knowledge this court has never before dismissed an appeal set for en banc hearing so precipitously without giving the parties full time

for briefing and without hearing them fully on the issue at oral argument. A heavy work load never justifies giving short shrift to a case in which there is undisputed jurisdiction and an initial demonstration of standing. That is even more so because our regular oral argument dockets are currently dwindling, now that we have a near full complement of sixteen active judges and six senior judges.

Alternatively, although it is not necessary to consider any exception to the mootness doctrine, because this case presents a live, extant controversy, this case also fits within several of the exceptions. For instance, this controversy is excepted from the mootness doctrine as presenting a "wrong capable of repetition yet evading review." To come within this exception, Rangra is only required to show that " '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.' " *Fed. Elec. Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462, 127 S.Ct. 2652, 2662, 168 L.Ed.2d 329 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Rangra has done so. The duration of this litigation, now over four years, double the length of a council term, establishes conclusively the litigation time required greatly exceeds the period after which the claimant will be met with a mootness objection. *See Wis. Right to Life, Inc.*, 551 U.S. at 462, 127 S.Ct. at 2662 (the fact that "two blackout periods have come and gone during the pendency of this action" showed the action evaded review); *Davis v. Fed. Elec. Comm'n*, 128 S.Ct. 2759, 2769–70 (2008) (the passing of two congressional election cycles "demonstrat[ed] that [the] claim [was] capable of evading review"). Further, there is also a reasonable expectation that Rangra will be subjected to

future deprivations of his constitutional rights; he was indicted and prosecuted once; the charges were dismissed without prejudice; and the district attorney threatened him with another prosecution in the future. *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (requiring " 'a reasonable expectation that the same complaining party would be subjected to the same action again' ") (quoting *Ill. Elections Bd. v. Socialist Workers Party*, 440 U.S. 173, 187, 99 S.Ct. 983, 991, 59 L.Ed.2d 230 (1979)). As the Court has explained, this is not a difficult showing to make—there need only be a "reasonable probability" that the plaintiff will be subjected to the same action. *See Honig v. Doe*, 484 U.S. 305, 318 n. 6, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) ("We have found controversies capable of repetition based on expectations that, while reasonable, were hardly demonstrably probable."). Rangra was elected to three consecutive terms until he was term-limited for one term; the Alpine voters re-elected him twice after he had been indicted and prosecuted for violating TOMA; he filed a sworn affidavit stating his intent seek the office again when he becomes eligible to run in 2011.

\* \* \*

This court shirks its duty under the Constitution to afford Rangra a forum for his constitutional challenge and live controversy by dismissing his claim without full briefing, full oral argument, and full judicial consideration and attention.

The Supreme Court in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) held: "[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality

of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction. For example, in *Terrace v. Thompson*, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255 (1923), the State threatened the plaintiff with forfeiture of his farm, fines, and penalties if he entered into a lease with an alien in violation of the State's anti-alien land law. Given this genuine threat of enforcement, we did not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action. *Id.* at 216, 44 S.Ct. 15. *See also, e.g., Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714(1908). Likewise, in *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), we did not require the plaintiff to proceed to distribute handbills and risk actual prosecution before he could seek a declaratory judgment regarding the constitutionality of a state statute prohibiting such distribution. *Id.* at 458–60, 94 S.Ct. 1209. As then-Justice Rehnquist put it in his concurrence, 'the declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity.' *Id.* at 480, 94 S.Ct. 1209. In each of these cases, the plaintiff had eliminated the imminent threat of harm by simply not doing what he claimed the right to do (enter into a lease, or distribute handbills at the shopping center). That did not preclude subject-matter jurisdiction because the threat-eliminating behavior was effectively coerced. *See Terrace, supra,* at 215–216, 44 S.Ct. 15; *Steffel, supra,* at 459, 94 S.Ct. 1209. The dilemma posed by that coercion—putting the challenger to the choice between abandoning his rights or risking prosecution—is 'a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.' *Abbott Laboratories v. Gardner*, 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)." *Id.* at 128–29, 127 S.Ct. 764.

As the Supreme Court put it, Rangra did not have to "bet the farm," *id.* at 129, 127 S.Ct. 764, on his right to use his email to communicate with other members of the city council for the purpose of scheduling a routine business meeting; instead, he took the action that the Supreme Court has approved and encouraged citizens to take when they are threatened by criminal prosecutions they believe to be unlawful. He filed a declaratory judgment action challenging the constitutionality of the criminal statute as an infringement on the First Amendment. (No one disputes that Rangra was threatened with further prosecution when he brought this declaratory action. No one disputes that if Rangra had continued to engage in email communications to schedule routine business meetings and had been subjected to further prosecution continuing throughout his term of office that this case would not be moot. No one would contend that the State could violate Rangra's constitutional rights at will simply by prosecuting him until the clock ran out on his term in office.) Rangra did everything he needed to do to preserve his right to bring this constitutional challenge to the statute. This Court's precipitous actions are in direct conflict with the Supreme Court's well established jurisprudence culminating in *MedImmune*.